## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **RAYONDA SLOAN,** | |
| **Plaintiff,** | **CIVIL ACTION NO. :** |
| **v.** | |
| **DELTA AIR LINES, INC. and SHELBY JOHNSON** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## COMPLAINT

Plaintiff Rayonda Sloan files this Complaint for damages and equitable relief against Defendant Delta Air Lines, Inc. ("Delta") and Shelby Johnson for violations of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), and the Equal Pay Act of 1963, 29 U.S.C. § 206(d) ("EPA").[1]

## INTRODUCTION

1.

Plaintiff brings this action against Defendants based on a hostile work environment, discrete acts of discrimination, unlawful failure to promote, and

---

[1] Plaintiff also has claims for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"). However, Plaintiff will amend her Complaint to add these claims at a later date.

unequal pay. As described further below, although Plaintiff was qualified for her position as In-Flight Manager, she was continually subjected to a hostile work environment based on her race at the hands of Ms. Johnson and other agents of Defendant Delta. This hostile work environment was also based on the protected activity she engaged in in opposing workplace discrimination and participating in investigations into workplace discrimination. Plaintiff has also faced numerous instances of discriminatory treatment in the form of failure to hire for a Grade 10 position that included duties that Plaintiff previously performed. This position was given to a substantially younger white male.

## JURISDICTION AND VENUE

2.

Plaintiff's claims under Section 1981 and the EPA present federal questions over which this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3.

This Court is an appropriate venue for Plaintiff's claims pursuant to 28 U.S.C. § 1391, because the unlawful employment practices giving rise to Plaintiff's claims occurred within the Northern District of Georgia.

## PARTIES

4.

Plaintiff is a fifty-seven year old black female who resides in the Northern District of Georgia and is a citizen of Georgia. Plaintiff was an employee of Defendant Delta at all times material to this Complaint.

5.

Defendant Delta is a for-profit corporation with its principal office located at 1030 Delta Blvd., Dept 982, Atlanta, GA 30354. Delta may be served with process by serving its registered agent for service of process, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

6.

Defendant Shelby Johnson is a white female and at all relevant times served as the General Manager In-Flight Admin Services at Delta. Johnson is subject to the jurisdiction of this Court and may be served with process by personal service or leaving copies of the summons and complaint at her dwelling place or usual place of abode with some person of suitable age and discretion residing there.

FACTS

7.

Plaintiff began working for Delta in December of 1997.

8.

Since August of 2013, Plaintiff has held the position of In-Flight Manager.

9.

Since she has held the position of In-Flight Manager, Plaintiff has been a "Grade 8" pay grade which determines the amount of money that she makes as an employee.

10.

The different pay grades at Delta work by incorporating a range of eligible pay and an employee with a certain grade can earn any amount within that range subject to years of experience and seniority.

11.

With identical years of experience and seniority, employees at Delta in a higher pay grade earn more money.

12.

In or around August of 2023, Plaintiff's position and job duties were divided into three positions and her fourteen direct reports were divided amongst these three new positions.

13.

Two of the three positions that were created from Plaintiff's previous role were "Grade 8" pay grades while the remaining position was a "Grade 10" pay grade.

14.

When Plaintiff inquired from Defendant Johnson about the Grade 10 position, Defendant Johnson discouraged Plaintiff from applying and said that she had already identified a candidate for the position: Christopher Brown.

15.

Christopher Brown is a white male.

16.

Having previously performed the job duties that were divided into three positions, Plaintiff has performed the job duties as a Grade 8 that Mr. Brown has performed at a Grade 10.

17.

Throughout Plaintiff's employment with Delta, Ms. Johnson has engaged in discriminatory disparate treatment of both Plaintiff and other non-white employees.

18.

For instance, Ms. Johnson has angrily raised her voice at non-white employees when instructing them, denigrated and minimized the work performance of non-white employees, unjustifiably pressured Plaintiff to downgrade the performance rating of a non-white employee below a white

counterpart, unjustifiably actively downgraded the performance rating of non-white employees when Plaintiff had them rated higher, and hired white individuals to preferential positions over similarly situated and qualified non-white individuals including a preferred "SAFA" flight attendant position over three other qualified non-white flight attendants, among other things.

19.

Additionally, on or around May 17, 2023, Defendant Johnson denigrated the performance of a non-white employee and instructed Plaintiff to place him on a performance improvement plan if he made one more mistake.

20.

At the time Defendant Johnson made this instruction to Plaintiff, Defendant Johnson was also aware that a white employee was making similar or worse errors including a serious breach of privacy and protocol, and Defendant Johnson gave no such instruction regarding the conduct of the white employee.

21.

Defendant Johnson subjected Plaintiff to other discriminatory and adverse conduct throughout her employment.

22.

On or around October 23, 2024, Plaintiff submitted a written formal

complaint of race discrimination to Delta's Human Resources ("HR") which included a list of co-workers that had either been impacted or witnessed transgressions against Plaintiff and other non-white individuals.

23.

Incident to this complaint, Plaintiff has been contacted several times by Delta's HR to conduct investigations into her allegations of discrimination.

24.

On November 19, 2024, Plaintiff conducted a conference call with HR via telephone regarding her allegations of discrimination.

25.

Within hours of this call, Defendant Johnson dragged an extra-large industrial shredder bin and oversized trash can directly next to and into Plaintiff's cubicle.

26.

These containers are so oversized that they protrude into the walkways around Plaintiff's cubicle.

27.

Co-workers have expressed to Plaintiff shock and embarrassment at Defendant Johnson's conduct regarding the bins placed in and around Plaintiff's

cubicle. Some of these co-workers have expressed intense discomfort and fear, perceiving Defendant Johnson's actions as a deliberate attempt to intimidate them.

COUNT I
RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981
HOSTILE WORK ENVIRONMENT
*Against All Defendants*

28.

Plaintiff incorporates by reference the allegations set forth in paragraphs 7 through 27 of her Complaint.

29.

At all times material to this Complaint, Defendant Johnson was part of Plaintiff's management and had the authority to supervise and discipline Plaintiff.

30.

Section 1981 prohibits Defendants from discriminating against Plaintiff on the basis of race with regard to her employment.

31.

Defendants discriminated against Plaintiff based on her race in the terms and conditions of her employment when, among other things, Plaintiff was subjected to raised voices during instruction, denigration and minimization of work performance, unjustifiable pressure to downgrade the performance rating of a non-white employee below a white counterpart, unjustifiable active downgrades of the

8

performance rating of non-white employees when Plaintiff had them rated higher, and placing of trash bins in and around her cubicle, among other things.

32.

The above-pleaded discriminatory conduct toward Plaintiff constitutes unlawful race discrimination against Plaintiff in the terms and conditions of her employment in violation of 42 U.S.C. § 1981.

33.

Defendants undertook their conduct intentionally and maliciously with respect to Plaintiff and her federally protected rights, or additionally, and in the alternative, undertook their conduct recklessly with respect to Plaintiff and her federally protected rights, entitling Plaintiff to recover punitive damages against Defendants.

34.

Defendants' actions constitute unlawful intentional race discrimination in violation of 42 U.S.C. § 1981.

35.

Defendants' actions were severe or pervasive and created a hostile work environment for Plaintiff.

36.

Other individuals outside of Plaintiff's race were not treated with the same adverse treatment.

37.

Defendants willfully and wantonly disregarded Plaintiff's federally protected rights and Defendants' discrimination against Plaintiff was undertaken in bad faith.

38.

As a direct and proximate result of Defendants' violations of 42 U.S.C. § 1981, Plaintiff has suffered damages including lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

39.

Pursuant to section 1981, Plaintiff is entitled to damages including back pay and lost benefits, front pay, compensatory damages, punitive damages, attorney's fees and costs of litigation pursuant to 42 U.S.C. § 1988, and all other relief recoverable under Section 1981.

40.

Plaintiff is entitled to the equitable and monetary relief set forth in the following prayer for relief for Defendants' violation of her rights under 42 U.S.C. § 1981.

COUNT II

<u>RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981</u>
<u>FAILURE TO PROMOTE</u>
*Against All Defendants*

41.

Plaintiff incorporates by reference the allegations set forth in paragraphs 7 through 27 of her Complaint.

42.

At all times material to this Complaint, Defendant Johnson was part of Plaintiff's management and had the authority to supervise and discipline Plaintiff.

43.

Section 1981 prohibits Defendants from discriminating against Plaintiff on the basis of race with regard to her employment and opportunities for advancement.

44.

Defendants discriminated against Plaintiff based on her race in the terms and conditions of her employment when Plaintiff's job was divided into three positions with the highest paid of the positions going to a white individual even though Plaintiff had been performing the job duties of all three positions.

45.

The above-pleaded discriminatory conduct toward Plaintiff constitutes

unlawful race discrimination against Plaintiff in the terms and conditions of her employment in violation of 42 U.S.C. § 1981.

46.

Defendants undertook their conduct intentionally and maliciously with respect to Plaintiff and her federally protected rights, or additionally, and in the alternative, undertook their conduct recklessly with respect to Plaintiff and her federally protected rights, entitling Plaintiff to recover punitive damages against Defendants.

47.

Defendants' actions constitute unlawful intentional race discrimination in violation of 42 U.S.C. § 1981.

48.

Defendants willfully and wantonly disregarded Plaintiff's federally protected rights and Defendants' discrimination against Plaintiff was undertaken in bad faith.

49.

As a direct and proximate result of Defendants' violations of 42 U.S.C. § 1981, Plaintiff has suffered damages including lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

50.

Pursuant to section 1981, Plaintiff is entitled to damages including back pay and lost benefits, front pay, compensatory damages, punitive damages, attorney's fees and costs of litigation pursuant to 42 U.S.C. § 1988, and all other relief recoverable under Section 1981.

51.

Plaintiff is entitled to the equitable and monetary relief set forth in the following prayer for relief for Defendants' violation of her rights under 42 U.S.C. § 1981.

<u>COUNT III</u>
<u>RETALIATION IN VIOLATION OF 42 U.S.C. § 1981</u>
<u>RETALIATORY HOSTILE WORK ENVIRONMENT</u>
*Against All Defendants*

52.

Plaintiff incorporates by reference the allegations set forth in paragraphs 7 through 27 of her Complaint.

53.

42 U.S.C. § 1981 prohibits Defendants from retaliating against Plaintiff because she engaged in protected activity with regard to her employment or candidacy for hire.

54.

Defendants retaliated against Plaintiff in the terms and conditions of her employment when, among other things, they subjected her to raised voices during instruction, denigration and minimization of work performance, unjustifiable pressure to downgrade the performance rating of a non-white employee below a white counterpart, unjustifiable active downgrades of the performance rating of non-white employees when Plaintiff had them rated higher, and placing of trash bins in and around her cubicle, among other things.

55.

The above-pleaded retaliatory conduct toward Plaintiff constitutes unlawful retaliation against Plaintiff in the terms and conditions of her employment in violation of 42 U.S.C. § 1981.

56.

Defendants undertook their conduct intentionally and maliciously with respect to Plaintiff and her federally protected rights, or additionally, and in the alternative, undertook their conduct recklessly with respect to Plaintiff and her federally protected rights, entitling Plaintiff to recover punitive damages against Defendants.

57.

Defendants' actions constitute unlawful intentional retaliation in violation of

42 U.S.C. § 1981.

58.

Defendants willfully and wantonly disregarded Plaintiff's federally protected rights and Defendants' discrimination against Plaintiff was undertaken in bad faith.

59.

As a direct and proximate result of Defendants' violations of 42 U.S.C. § 1981, Plaintiff has suffered damages including lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

60.

Accordingly, Plaintiff is entitled to the equitable and monetary relief set forth in the following prayer for relief for Defendants' violation of her rights under 42 U.S.C. § 1981.

<u>COUNT IV</u>
<u>SEX DISCRIMINATION IN VIOLATION OF THE EQUAL PAY ACT</u>
*Against Defendant Delta*

61.

Plaintiff incorporates by reference the allegations set forth in paragraphs 7 through 27 of her Complaint.

62.

Plaintiff has been an employee of Defendant Delta within the meaning of the Equal Pay Act, 29 U.S.C. § 206(d)(1).

63.

Plaintiff has been employed and paid by Defendant Delta.

64.

Defendant has violated the EPA by paying Plaintiff less than male employee Mr. Brown for equal work performance in a job requiring substantially the same skill, effort, responsibility, and working conditions as Plaintiff's.

65.

Mr. Brown has had skills, effort, responsibility, and seniority that have been equivalent to or less than those of Plaintiff.

66.

Mr. Brown has been in a "Grade 10" pay grade while Plaintiff has been in a "Grade 8" pay grade even though Mr. Brown was not more qualified than Plaintiff and Mr. Brown's position was one of three positions that was created out of Plaintiff's previous position.

67.

Upon information and belief, Defendant Delta has paid Mr. Brown more than Plaintiff. Defendant Delta's conduct in paying Plaintiff less than Mr. Brown

violates the EPA.

68.

Defendant Delta's violations of the EPA have been willful.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff demands a TRIAL BY JURY and the following relief:

(a)    Full back pay from the date of the failure to promote Plaintiff, taking into account all raises to which Plaintiff would have been entitled to but for Defendants' unlawful conduct, and all fringe benefits of employment, with prejudgment interest thereon;

(b)    Front pay to compensate Plaintiff for lost future wages and benefits;

(c)    Compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, and special damages;

(d)    Punitive damages in an amount to be determined by the enlightened conscience of the jury to be sufficient to punish Defendants for their conduct toward Plaintiff and deter Defendants from similar conduct in the future;

(e)    Liquidated damages compensable under the EPA;

(f)    Reasonable attorney's fees and costs;

(g)    Judgement against Defendants for damages incurred by Plaintiff;

(h)    Judgement against Defendants in such an amount as will fully and

adequately compensate Plaintiff;

(i)    Other relief that the Court deems just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY.

Respectfully submitted this 24th day of July, 2025.

**BUCKLEY BALA WILSON MEW LLP**

By:    *s/ Joseph Quattlebaum*
Thomas J. Mew, IV
Georgia Bar No. 503447
tmew@bbwmlaw.com
Joseph Quattlebaum
Georgia Bar No. 319971
jquattlebaum@bbwmlaw.com

201 17th St. NW
Suite 630
Atlanta, GA  30363
Telephone: (404) 781-1100
Facsimile:  (404) 781-1101

Attorneys for Plaintiff